UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REDONDO DEMOSTHENE,

    Petitioner,

v.                                                       Case No: 2:17-cv-200-FtM-38MRM

JUAN L. ACOSTA, JOHN F. KELLY
and JEFFERSON BEAUREGARD
SESSIONS, III,

    Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Respondents, Juan Acosta, et al.'s Unopposed Motion to Dismiss for Mootness (Doc. #29) filed on June 30, 2017. On March 3, 2017, Petitioner filed a Petition for habeas corpus relief (Doc. #1) pursuant to 28 U.S.C. § 2254 challenging his immigration detention. Petitioner was detained in custody pending removal from the United States.

On March 10, 2017, an Immigration Judge terminated Petitioner's removal proceedings and dismissed the case without prejudice. The Department of Homeland security appealed the Immigration Judge's decision to the Board of Immigration Appeals

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(BIA). Petitioner was held in custody during the appeals process. Petitioner filed the instant Petition for habeas relief.

On June 29, 2017, the BIA issued an opinion dismissing the Department of Homeland Security's appeal of the Immigration Judge's order and terminated the proceedings. Because of the BIA's opinion, the removal proceeding against Petitioner is administratively final. Petitioner was immediately released from custody. Since the Petitioner is no longer in custody, Respondents now move to dismiss the Habeas Petitioner as moot. Petitioner does not oppose the Motion.

When a habeas proceeding challenges the length of confinement as opposed to the underlying conviction and the petitioner is released, the petition should be dismissed as moot. *Hernandez v. Wainwright,* 796 F.2d 389, 390 (11th Cir. 1986). In this action, Petitioner was not challenging the underlying reason for his detention only the length. Therefore, since Petitioner has been released from custody, his case is now moot and due to be denied.

Accordingly, it is now **ORDERED:**

Respondents, Juan Acosta, et al.'s Unopposed Motion to Dismiss for Mootness ([Doc. #29](Doc. #29)) is **GRANTED**. The case is **DISMISSED**. The Clerk of the Court is directed to enter judgment terminate any pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record